UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROGER A. SCOTT,<br><br>                Plaintiff,<br><br>   v.<br><br>V. DOAN, correctional officer,<br><br>                Defendant. | NO: CV-12-536-RMP<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

**BEFORE THE COURT** is Defendant's motion to dismiss, ECF No. 15. The Court has reviewed the first amended complaint, the motion, the declaration of Clara Curl, the Court's previous orders, and is fully informed.

## BACKGROUND

In his first amended complaint, Plaintiff Roger Scott, an inmate at the Coyote Ridge Corrections Center during the relevant timeframe, alleges that Defendant V. Doan, a corrections officer, made false accusations against him. Mr. Scott alleges that Officer Doan told other inmates that Mr. Scott had stolen their religious items, causing Mr. Scott to suffer an assault. Mr. Scott brought this

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 1

action under 42 U.S.C. § 1983, and seeks money damages.  Defendant has moved to dismiss this action alleging that Mr. Scott failed to exhaust his administrative remedies.  Mr. Scott has not responded.

**APPLICABLE LAW**

Under the Prison Litigation Reform Act ("PLRA"), "[n]o action shall be brought with respect to prison conditions under section 1983 of [title 42], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

The Court treats the failure to exhaust administrative remedies under the PLRA "as a matter in abatement, which is subject to an unenumerated Rule 12(b) motion rather than a motion for summary judgment.  *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003).  In ruling on this motion, a "court may look beyond the pleadings and decide disputed issues of fact."  *Id.* (citing *Ritza v. Int'l Longshoremen's & Warehousemen's Union*, 837 F.2d 365, 369 (9th Cir. 1988)).

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 2

## DISCUSSION

Mr. Scott's response was due on or before August 7, 2013, ECF No. 19. Mr. Scott has filed no response. Accordingly, the only relevant evidence before the Court is the Declaration of Clara Curl and its attachments. ECF No. 16.

According to the first amended complaint, Officer Doan's alleged false accusations were made in April 2011. ECF No. 10 at 3-4. Attachment A to Ms. Curl's declaration shows that Mr. Scott has filed three grievances since April 2011. ECF No. 16 at 6. Those grievances are attached to Ms. Curl's declaration as exhibits B, C, and D. Those grievances recount a lunchroom incident, a laundry-room incident, and an issue involving the procedures for moving cells. ECF No. 16 at 8, 10, 12. None of the grievances relate to any allegations regarding Officer Doan or any Department of Corrections employee making false accusations that Mr. Scott stole property from various religious groups. ECF No. 16 at 2.

Accordingly, the record establishes that Mr. Scott failed to avail himself of the administrative procedures available at the Coyote Ridge Corrections Center. Therefore, Mr. Doan has failed to exhaust his administrative remedies and this case must be dismissed.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's motion to dismiss, **ECF No. 15**, is **GRANTED**.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 3

2. The above-captioned action is hereby **DISMISSED WITHOUT PREJUDICE**.

3. Judgment shall be entered in favor or Defendant.

**IT IS SO ORDERED**.

The District Court Clerk is hereby directed to enter this Order, to enter judgment accordingly, to provide copies to counsel and to Plaintiff, and **CLOSE** this file.

**DATED** this 12th day of August 2013.

                                *s/ Rosanna Malouf Peterson*
                              ROSANNA MALOUF PETERSON
                       Chief United States District Court Judge

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS ~ 4